IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| FLOYD DELOACH, JR., | : | |
| Plaintiff, | : | |
| VS. | : | CIVIL ACTION NO.7:06-CV-123 (HL) |
| Lt. CREWS; Sgt. SWAIN; Officer FLETCHER; Officer MCCLURE; ROBERT RENFROE, | : | |
| Defendants. | : | **RECOMMENDATION** |

Plaintiff **FLOYD DELOACH, JR.,** an inmate at the Lowndes County Jail in Valdosta, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. He also seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). In a separate Order entered on this date, the Court has granted his motion to proceed *in forma pauperis*.

## *I. STANDARD OF REVIEW*

Pursuant to 28 U.S.C. § 1915A, a federal court is required to dismiss a prisoner's complaint against a governmental entity or officer or employee of a governmental entity at any time if the court determines that the action "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." A claim is frivolous "where it lacks an arguable basis either in law or in fact." ***Neitzke v. Williams***, 490 U.S. 319, 325 (1989). A complaint may be dismissed for failure to state a claim on which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. ***Scheuer v. Rhodes***, 416 U.S. 232 (1974).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege or immunity secured by the Constitution of the United States. See ***Wideman v. Shallowford Community Hosp., Inc.***, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. ***Id.***

## II. STATEMENT AND ANALYSIS OF PLAINTIFF'S CLAIMS

Plaintiff states that Officer McClure is "unhappy with the fact that [plaintiff has] filed lawsuits." Plaintiff alleges that this defendant has "been doing small but noticiable (sic) things[,]"such as closing the "flap to [plaintiff's] cell door," and telling plaintiff to "be quite." Plaintiff admits that this "complaint doesn't contain a lot of substance," but he states that Officer McClure's actions are "getting worser (sic) by the day" and plaintiff fears Officer McClure might" "do serious bodily harm" to plaintiff; if the opportunity ever presented itself. Plaintiff states that he worries his "life is in danger."

Plaintiff alleges no physical injury based on Officer McClure's actions; consequently his claims of emotional distress, fear, and worry are insufficient to state a cause of action under § 1983. *See* 42 U.S.C. § 1997e(e)(explaining that a federal civil action may not be brought by a prisoner for a mental or emotional injury suffered while in custody without a showing of physical injury).

For this reason, the Undersigned **RECOMMENDS** that Officer McClure be dismissed from this action.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this Order.

Plaintiff states that Investigator Robert Renfroe knows that plaintiff has communicable

tuberculosis and "has used this illness on his behalf to attempt to force [plaintiff's] cell mate to plea out to his falsified police report." Plaintiff states that this causes his cell mate stress and he is afraid his cell mate may attack him. Plaintiff alleges that Robert Renfroe has put him in "danger of being either attacked or harmed."

Again, plaintiff does not allege that he has been physically harmed in any manner. He merely states that he is fearful and worried about some future harm that his cell mate may inflict upon him. As plaintiff has sustained no physical injuries–only emotional worry and fear about his future–42 U.S.C. § 1997e(e) precludes this claim. Plaintiff may have been placed at a risk of harm, but a § 1983 claim arises only when the harm occurs, not when the risk arises. *See Babcock v. White*, 102 F.3d 267, 270-73 (7th Cir. 1996) (mere exposure to harm that never materializes is not actionable under the Eighth Amendment).

Additionally, plaintiff states that Investigator Renfroe does not work at the jail. Therefore, it would appear that Robert Renfroe would not have any control over the assignment of jail cells at the Lowndes County Jail.

For these reasons, the Undersigned **RECOMMENDS** that Robert Renfroe be dismissed from this action.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this Order.

**SO RECOMMENDED**, this 11th day of January, 2007.

　　　　　　　　　　　　　　　　　　　　*/s/ Richard L. Hodge*
　　　　　　　　　　　　　　　　　　　　RICHARD L. HODGE
　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

lnb

Case 7:06-cv-00123-HL-RLH    Document 12    Filed 01/12/2007    Page 4 of 4