IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

**FLOYD DELOACH** :
:
　　　　**Plaintiff,** :
: **CIVIL ACTION FILE**
　　VS. : **NO. 7:06-CV-123 (HL)**
:
**LT. CREWS, SGT. SWAIN, and** :
**OFFICER FLETCHER,** :
:
　　　　**Defendants.** :

## RECOMMENDATION

This is a § 1983 action brought by a *pro se* plaintiff presently incarcerated at Johnson State Prison. However, when the circumstances giving rise to this lawsuit allegedly occurred plaintiff was incarcerated at the Lowndes County Jail in Valdosta, Ga. The above named defendants are or were employed at that Jail. Presently pending herein is a motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 41(b) for his failure to diligently prosecute same, to which plaintiff has failed to respond.[1] (R. at 17). A brief chronology of events as shown by the electronic docket is therefore appropriate at this juncture.

12/2/06　　Complaint filed (R. at 2)

1/11/07　　Order for service filed advising plaintiff he must diligently prosecute his case or face the possibility of its dismissal and advising that the ninety day discovery period will begin to run upon his receipt of defendants' answer (R. at 8).

3/13/07　　Defendants' answer filed (R. at 14).

3/22/07　　Plaintiff's declination to consent filed (last activity undertaken by plaintiff) (R. at 16).

---

[1] Plaintiff has four more pending cases similar in posture to this one. Recommendations to grant the motions to dismiss will be forthcoming very shortly.

12/17/07	Defendants file their motion to dismiss (R. at 17).

12/18/07	Court's customary order advising plaintiff of the filing of the motion to dismiss, of his right to respond in opposition, and of the possibility of the granting of the motion in the absence of a response is filed (R. at 18).

*Discussion*

In their combined motion and memorandum in support thereof the defendants indicate that plaintiff has taken no meaningful steps to prosecute his claim and is therefore in violation of the order of this court entered on January 11, 2007. (R. at 17). It can therefore be logically concluded that plaintiff undertook no discovery. It appears that the last activity by the plaintiff in this matter occurred over one year ago when he executed and filed his declination to consent. The undersigned places some significance on the fact that the court's notice of the defendants' motion has not been returned to the court as undeliverable. This allows the conclusion that plaintiff received the notice and elected not to respond in opposition.

Under Rule 41(b) of the Federal Rules of Civil Procedure, a case may be dismissed upon a determination of a "clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985). Litigants proceeding *pro se* are not exempted from this requirement of diligent prosecution inasmuch as it is clear that the Federal Rules of Civil Procedure apply to them. Moon v. Newsome, 863 F.2d 835 (11th Cir. 1989). The court's inherent power to dismiss cases in which the plaintiff has failed to diligently prosecute his action "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." Link v. Wabash R.R., 370 U.S. 626, 630 (1962).

A review of this action reveals a clear record of delay or willful contempt on the part of

the plaintiff. The plaintiff has taken no meaningful steps to prosecute his case since filing his declination to consent over one year ago on March 22, 2007, despite being specifically advised by this court that he had a duty to diligently prosecute his lawsuit. The plaintiff has had more than adequate time to pursue his claim against these defendants but he has failed to do so. Based on the above, the court finds that lesser sanctions will not suffice herein. Accordingly, it is the **RECOMMENDATION** of the undersigned that the defendants' motion to dismiss plaintiff's case for his failure to prosecute same be **GRANTED**.

Pursuant to 28 U.S.C. § 636(b)(1) the parties may file written objections to this recommendation with the Honorable Hugh Lawson, Chief United States District Judge, WITHIN TEN (10) DAYS of being served with a copy of this recommendation.

**SO RECOMMENDED**, this 7th day of May 2008.

*/s/ Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE